FILED
U.S. DISTRICT COURT
2014 FEB 25 A 10: 43
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS A. MONTANO,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY ADULT DETENTION CENTER et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER GRANTING IN PART & DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT & DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:11-cv-00174<br><br>District Judge David Sam |

This matter is before the Court on Defendants' Motion for Summary Judgment, (Docket Entry # 55), and Plaintiff's Cross-Motion for Summary Judgment, (Docket Entry # 68). For the reasons discussed below, the Court grants in part and denies in part Defendants' Motion for Summary Judgment and denies Plaintiff's Cross-Motion for Summary Judgment.

### FACTUAL BACKGROUND

In relevant parts of April and May 2007, Plaintiff was imprisoned at the Salt Lake County Adult Detention Center (ADC). Around April 15, 2007, Plaintiff told Defendant Beers that he was having problems with another inmate, later determined to be Moses Ellis. Plaintiff was already in maximum-security housing then, while Mr. Ellis was housed elsewhere. Beers declares he did not know of Plaintiff's safety concern with another inmate. Meanwhile, Plaintiff adds his declaration that he also identified to Beers an associate of Mr. Ellis's, Colbey Emms, as another threat. According to Beers, Plaintiff declined Beers's suggestion of protective custody. However, according to Plaintiff's declaration, Plaintiff requested protective custody and was

denied. On April 21, 2007, Emms and Plaintiff fought. (April 2007 incident) Defendant Hansen and others immediately broke up the fight between Plaintiff and Emms. Plaintiff's documented injuries were a small abrasion on his hip and elbow pain.

On May 31, 2007, Plaintiff fought in the recreation yard with another inmate, Mr. Folcher. (May 2007 Incident) Defendant Stone was on duty at the time and immediately intervened to stop the fight. Before that, Defendant Stone does not recall Plaintiff ever telling her that he had received threats, was specifically fearful of Mr. Folcher, or wanted protective custody. To the contrary, Plaintiff declares that he had notified Defendant Stone of his safety concern regarding Folcher. Dr. Gavin West (not Defendant Wilcox, as alleged in the Amended Complaint) saw Plaintiff repeatedly after the May 2007 Incident and treated him for self-described headaches and blurry vision.[1] As Defendants concede, no x-rays of Plaintiff were taken regarding the May 2007 Incident, although Plaintiff asserts they were necessary and he has suffered from the lack of x-rays ever since.

## PROCEDURAL HISTORY

Plaintiff's Amended Complaint, (Docket Entry # 26), alleges various violations by Defendants of the Eighth Amendment to the United States Constitution: Responding to the Amended Complaint, as ordered by the Court, (Docket Entry # 28), Defendants filed a *Martinez* report, (Docket Entry # 54), and a Motion for Summary Judgment, (Docket Entry # 55). Plaintiff replied with a pleading entitled "Plaintiff's Motion for Summary Judgment," (Docket Entry # 68), which the Court construes as both a reply opposing Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment.

---

[1] Although Plaintiff submitted grievances relating to the May 2007 Incident, none included the level of detail as to purported liability or damages now alleged.

2

## SUMMARY-JUDGMENT STANDARD

"'[I]f the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law'" summary judgment is appropriate. *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009) (quoting Fed. R. Civ. P. 56). The moving party has the original burden to show an absence of evidence supporting a crucial element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998); *see also Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997) ("The moving party need not affirmatively negate the nonmovant's claim in order to obtain summary judgment. Instead, the movant only bears the initial burden of showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." (Internal quotation marks & citations omitted.)). The Court must consider the factual record and the inferences derived from those facts in the light most favorable to the nonmoving party. *Johnson*, 996 F. Supp. at 1102.

If the movant carries its initial burden, the nonmovant cannot rest upon his pleadings, but must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (quoting Fed R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Salehpoor v. Shahinpoor*, 358 F.3d 782, 786 (10th Cir. 2004) (citation omitted).

# DISCUSSION

**A. Plaintiff's Failure-to-Protect Claim regarding the April 2007 Incident.**

To succeed on a "failure to protect" theory for his Eighth Amendment claim relating to the April 2007 Incident, Plaintiff would have to show that Defendants Beers and Hansen (i) actually knew about an "excessive risk" to his health or safety, *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000), and (ii) were deliberately indifferent to--i.e., consciously disregarded--that risk, *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). Because the parties have not addressed whether Plaintiff's injuries here may reasonably be considered an "excessive risk" to his health or safety, the Court will not now address that question. However, the parties' conflicting declarations as to whether Defendants Beers and Hansen actually knew of any potential risk posed by Mr. Emms, before his fight with Plaintiff, leave a material issue of fact yet to be determined. Summary judgment is therefore denied regarding this claim.

**B. Plaintiff's Failure-to-Protect Claim regarding the May 2007 Incident.**

Again, to succeed on a "failure to protect" theory relating to the May 2007 Incident, Plaintiff would have to show that Defendant Stone (i) actually knew about an "excessive risk" to his health or safety, *Sealock*, 218 F.3d at 1209, and (ii) was deliberately indifferent to--i.e., consciously disregarded--that risk, *Benefield*, 241 F.3d at 1271. And again, because the parties have not addressed whether Plaintiff's injuries from this incident may reasonably be considered an "excessive risk" to an inmate's health or safety, the Court will not now address that question.

The parties' declarations are at odds as to whether Defendant Stone was unaware, before the fight, of any risk posed by Mr. Folcher to Plaintiff's health or safety and whether there was an "excessive risk." Indeed, Defendant Stone does not recall Plaintiff ever telling her he had

4

received threats or wished to be placed in protective custody. Meanwhile, Plaintiff asserts in his declaration that he had brought to Defendant Stone's attention his safety concerns. True, there is no dispute that Defendant Stone immediately intervened when she saw Mr. Folcher standing over Plaintiff in the recreation yard yelling at him, but that does not put to rest the question of whether she knew Mr. Folcher's presence in the yard would be an excessive risk to Plaintiff.

Based on the evidence supporting the summary-judgment motions at hand, the Court cannot say there is no dispute as to the material fact of Defendant Stone's possible "deliberate indifference" to a known "excessive risk" to Plaintiff's health necessary to prove liability as to the May 2007 Incident. Summary judgment is therefore also denied as to this claim.

C.     **Inadequate Medical Treatment after the May 2007 Incident**

State actors violate the Eighth Amendment only if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (internal quotation marks omitted). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." *Id.* at 104-05 (footnotes omitted). At the same time, however, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. A complaint about "an inadvertent failure to provide adequate medical care" or "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 105-06. "Rather, 'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle,* 429 U.S. at 106).

5

Here, the undisputed evidence shows that Dr. West, not Defendant Wilcox, was Plaintiff's treating physician after this incident. Further, Plaintiff offers no evidence to dispute any documentation submitted by the State that an x-ray was not indicated. Nor has Plaintiff suggested any evidence that he has been harmed because of the lack of an x-ray. Summary judgment is therefore granted for Defendant Wilcox, who is dismissed from this case, along with the claim against him that he improperly treated Plaintiff by not ordering an x-ray.

## CONCLUSION

IT IS ORDERED that:

(1) Defendants' Motion for Summary Judgment, (Docket Entry # 55), is DENIED in part and GRANTED in part. Plaintiff's two claims regarding incidents of failure to protect remain intact, while his claim as to inadequate medical treatment is DISMISSED. Defendant Wilcox is also DISMISSED.

(2) Plaintiff's Cross-Motion for Summary Judgment, (Docket Entry # 68), is DENIED.

(3) Plaintiff's motion for a ninety-day continuance is GRANTED. (Docket Entry # 84.)

(4) The parties shall participate in a telephonic scheduling conference on May 22, 2014 at 2:00 p.m.

DATED February 24th, 2014.

BY THE COURT:

_____
DISTRICT JUDGE DAVID SAM
United States District Court

6